# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0613V
UNPUBLISHED

|   |   |
|---|---|
| EMILY JAHN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: December 27, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Table Injury;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Shealene Priscilla Mancuso*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for respondent.

**RULING ON ENTITLEMENT**[1]

On May 1, 2018, Emily Jahn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries caused in fact by the influenza vaccination she received on December 28, 2016. Petition at 1, ¶¶ 2, 11. The case was assigned to the Special Processing Unit of the Office of Special Masters

On August 17, 2019, Special Master Dorsey (to whom this case was previously assigned)[3] issued a fact ruling, finding there is preponderant evidence to establish that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] On October 1, 2019, former Chief Special Master Dorsey stepped down as Chief Special Master. She continues to adjudicate vaccine cases as Special Master Dorsey. I was appointed Chief Special Master, and the majority of SPU cases, including this case, were reassigned to me.

the influenza vaccine alleged as causal was administered in Petitioner's injured left arm and the onset of Petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination.  Findings of Fact and Conclusions of Law at 1-2, ECF No. 29.

On December 19, 2019, Respondent filed an amended Rule 4 report indicating "that he will not defend the case on other grounds during further proceedings before the Office of Special Masters."  Rule 4(c) Report at 5, ECF No. 34.  "[W]hile preserving his right to appeal the Court's September 17, 2019 Findings of Fact, [R]espondent submits that [P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA."  *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
